IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10379
Conference Calendar
_____

RICHARD WILLIAM GROOMS,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CV-2638-T
--------------------

December 14, 1999

Before JOLLY, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Richard William Grooms has appealed the district court's judgment dismissing his second federal application for a writ of habeas corpus as time-barred under 28 U.S.C. § 2244(d). On appeal from the denial of federal habeas relief, this court reviews the district court's factual determinations for clear error and its legal conclusions are reviewed de novo. Thompson v. Cain, 161 F.3d 802, 805 (5th Cir. 1998).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Section 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." § 2244(d)(1). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2).

Prisoners whose convictions have become final prior to the April 24, 1996, effective date of the AEDPA have one year after that date in which to file for § 2254 relief. Flanagan v. Johnson, 154 F.3d 196, 200-02 (5th Cir. 1998); see United States v. Flores, 135 F.3d 1000, 1004-06 (5th Cir. 1998) (§ 2255 case), cert. denied, 119 S. Ct. 846 (1999). Because Grooms's conviction became final prior to the effective date of the AEDPA, he had at least until April 24, 1997, to file his § 2254 application.

In Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998), this court held that the § 2244(d)(2) tolling provision applies to the one-year limitations period. Noting that § 2244(d)(2) provides that the limitation period applies to periods during which a "State post-conviction proceeding or other collateral review" is pending, Grooms contends that the limitation period should tolled for the number of days during which his first federal habeas petition was pending during the year following April 24, 1996. Grooms argues that the quoted phrase should be

read in the disjunctive and that, accordingly, his first federal habeas petition constituted "other collateral review" within the meaning of the statute.

Recently, in Ott v. Johnson, ___ F.3d ___ (5th Cir. Oct. 21, 1999, No. 98-41211), 1999 WL 796160, *2, this court held that the "a petition for writ of certiorari to the Supreme Court is not an application for 'State' review that would toll the limitations period." Accordingly, the period is not tolled during the ninety-day period within which a state habeas petitioner may file a petition for writ of certiorari with the Supreme Court. Id. In reaching this conclusion, the court adopted the reasoning of a Tenth Circuit case in which the court concluded that the word "State" in the phrase "State post-conviction proceeding or other collateral review" modifies both the phrase "post-conviction review" and the phrase "other collateral review." Ott, 1999 WL 7961160 at *2 n.10 (citing Rhine v. Boone, 182 F.3d 1153, 1156 (10th Cir. 1999)). Ott is controlling in this case.

Grooms argues that he could not pursue state remedies during the pendency of his first federal habeas proceeding. This argument raises the question whether the limitations period was equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811-12 (5th Cir. 1998) (holding that the one-year limitations period is subject to equitable tolling under appropriate exceptional circumstances); cert. denied, 119 S. Ct. 1474 (1999). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v.

Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks omitted).  More than one year expired after the first federal habeas petition was dismissed for failure to exhaust state remedies before Grooms filed his second federal habeas application.  Grooms did not attempt to exhaust his state remedies during that period.  Exceptional circumstances meriting equitable tolling are not present in this case.

IT IS ORDERED that the respondent's motion for leave to supplement the record with documents from Grooms's first federal habeas proceeding is GRANTED;

IT IS FURTHER ORDERED that the judgment of the district court dismissing Grooms's second federal habeas application as time-barred is AFFIRMED.