**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-10851

KENNETH IRVIN COUNCE,

Petitioner-Appellant,

versus

GARY L. JOHNSON, Director,
Texas Department of Criminal Justice,
Institutional Division,

Respondent-Appellee.

Appeal from the United States District Court
for the Western District of Texas
(3:98-CV-44)

April 27, 2000

Before KING, Chief Judge, REAVLEY, and STEWART, Circuit Judges.

PER CURIAM:[*]

Kenneth Irving Counce ("Counce") is a Texas State prisoner sentenced to 35 years imprisonment for aggravated robbery. Counce claims that the district court erred when it dismissed his present federal petition for habeas corpus relief under 28 U.S.C. § 2254 ("§ 2254") as time-barred.

Counce's conviction became final on August 15, 1993, when the time for filing a petition for discretionary review had passed. On or about April 13, 1994, Counce filed his first application for federal habeas relief. The district court on June 26, 1996 dismissed the application without prejudice for failure to exhaust state remedies. On February 27, 1997, Counce filed an application for habeas relief in Texas district court. The application was denied on October 8, 1997. On January 2, 1998,

[*]Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

Counce filed a second application for federal habeas relief. The magistrate judge recommended that Counce's second application be dismissed as time-barred. The district court adopted the recommendation on July 19, 1998. Counce then filed a petition for a Certificate of Appealability ("COA"), which we granted. The COA issue presented is: "whether the district court erred when in dismissing Counce's § 2254 petition as time barred, pursuant to 28 U.S.C. § 2244(d), in light of Counce's initial § 2254 petition, dismissed without prejudice for want of complete state exhaustion, and his state post[-]conviction application, both of which were pending during the one-year period Counce had to file a timely § 2254 petition."[1]

Generally, AEDPA places limitations on the time period for prisoners to seek federal collateral review of their state conviction. In pertinent part, § 2244(d)(A) provides that a prisoner has one year from the date that the conviction has become final by the conclusion of direct review or the expiration of the time for seeking such review to file an application for federal habeas relief. We have held that federal prisoners attacking convictions or sentences that became final before April 24, 1996, the AEDPA effective date, have a one-year grace period to file their applications for federal habeas relief, or until April 24, 1997. See United States v. Flores, 135 F.3d 1000, 1005 (5th Cir. 1998), cert. denied, 119 S.Ct. 846 (1999). In Flores, we reasoned that prisoners must be afforded a reasonable time from AEDPA's effective date within which to file for relief and the one-year period running from April 24, 1996 presumptively constituted reasonable time. Id. at 1004-1006. Because Counce's conviction became final before AEDPA's effective date, he had until April 24, 1997, one-year after the AEDPA's effective date, to file his present petition.

Section 2244 has a tolling provision that applies to both the statute of limitations and the one-year grace period. See Fields v. Johnson, 159 F.2d 914, 916 (5th Cir. 1998). Section 2244(d)(2) reads as follows:

---

[1] Accompanying his petition for a COA, are Counce's application for a writ of mandamus to expedite the proceedings and a motion to strike the respondent's brief as filed untimely.

> The time during which a properly filed application for <u>State post-conviction or other collateral review</u> with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

(emphasis added). In the instant case, the parties dispute the proper meaning of "State post-conviction or other collateral review." Counce construes the "other collateral review" phrase to include the pendency of his first application for federal habeas relief. The respondent on the other hand contends that the tolling provision applies only to properly filed pending applications for post-conviction or collateral review in state court.

While this case was pending, a panel of our court in <u>Grooms v. Johnson,</u> 1999 WL 1579588 (5th Cir.(Tex. 2000)) (per curiam) addressed the identical issue raised before us and held that § 2244(d)(2) does not toll the pendency of a properly filed § 2254 petition for federal habeas relief. The court specifically observed that the term "State" modifies both "post-conviction" and "other collateral relief." As such, <u>Grooms</u> resolves the issue raised before us, and accordingly we affirm the district court's ruling that Counce's second § 2254 federal habeas application is time-barred.

### CONCLUSION

We AFFIRM the district court's judgment. All other motions carried with this petition are DENIED.