Sebastian H. JIMINEZ, Petitioner–
Appellant,

v.

Bertram RICE, Warden, Respondent–
Appellee.

No. 99–15574.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 10, 2000.

Filed Aug. 22, 2000.

Peter F. Goldscheider, Palo Alto, California, for the petitioner-appellant.

Frances Marie Dogan, Deputy Attorney General, San Francisco, California, for the respondent-appellee.

Before: SCHROEDER, BEEZER and TROTT, Circuit Judges.

BEEZER, Circuit Judge:

Sebastian H. Jiminez appeals the dismissal with prejudice of his 28 U.S.C. § 2254 (1994 & Supp. II 1996) petition. Because Jiminez did not exhaust state remedies before filing his federal habeas petition, the district court granted Warden Bertram Rice's motion to dismiss. We have jurisdiction pursuant to 28 U.S.C. § 2253 (Supp. II 1996), and we affirm.

I

Jiminez is serving a forty-eight year sentence in a California prison for his 1992 state conviction for child molestation and the commission of lewd and lascivious acts with a child under the age of fourteen. On November 24, 1993, the California Court of Appeal affirmed the conviction. Jiminez did not appeal.

On April 23, 1997, Jiminez filed in the Northern District of California a petition for a writ of habeas corpus pursuant to section 2254. The petition alleged that Jiminez received ineffective assistance of counsel and that the state trial court violated his Fifth Amendment right to testify by denying him an adequate interpreter. Jiminez says that he filed the petition to satisfy the statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d) (Supp. II 1996).

On July 21, 1997, Rice moved to dismiss the petition for failure to exhaust state remedies. Jiminez opposed the motion on January 5, 1998 and asked the district court to stay the federal proceedings to allow for exhaustion.

On March 3, 1998, Jiminez petitioned the California Supreme Court for a writ of habeas corpus. Jiminez notified the district court of the state petition on March 11, 1998 and requested that the district court defer any action on his pending federal petition until the California Supreme Court acted.

On September 30, 1998, the district court ordered "[t]he parties ... to advise the court by October 23, 1998 of the status of the petition to the California Supreme Court." The California Supreme Court denied Jiminez' petition on September 30, 1998. The district court subsequently requested briefing from the parties on the effect of the state decision on Rice's motion to dismiss.

On February 8, 1999, the district court dismissed Jiminez' habeas petition with prejudice. The court held that it must dismiss a petition that contained claims that were unexhausted "[a]t the time the petition was filed." Because "any later petition which might be filed now that [Jiminez] has apparently exhausted his state claims would be time-barred by the AEDPA," the district court ordered the petition dismissed with prejudice. Jiminez appeals.

## II

The habeas exhaustion requirement, as codified by AEDPA, directs that:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State; or ... there is an absence of available State corrective process; or ... circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). "In furtherance of Congress's desire to accelerate the federal habeas process, AEDPA imposed a one-year statute of limitations on the filing of a federal habeas corpus petition by a state prisoner." *Nino v. Galaza,* 183 F.3d 1003, 1004–05 (9th Cir.1999) (internal quotation marks and citation omitted) (citing 28 U.S.C. § 2244(d)(1)), *cert. denied,* —— U.S. ——, 120 S.Ct. 1846, 146 L.Ed.2d 787 (2000).

Although Jiminez satisfied the one-year limitations period, the district court dismissed the petition with prejudice because of Jiminez' failure to exhaust state remedies. "We review de novo the district court's order dismissing a habeas corpus petition." *Edelbacher v. Calderon,* 160 F.3d 582, 583 (9th Cir.1998). Whether dismissal with prejudice was warranted because Jiminez is time-barred from filing a subsequent federal petition is a question of law which we review de novo. *Cf. Polich v. Burlington N., Inc.,* 942 F.2d 1467, 1472 (9th Cir.1991) ("Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment.").

## III

Jiminez argues that the district court improperly dismissed his petition because, at the time of dismissal, the state claims were exhausted. We disagree.

The Supreme Court has stated that section 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Rose v. Lundy,* 455 U.S. 509, 520, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *see* 28 U.S.C. § 2254(b)(1)(A) (Supp. II 1996). Once Rice moved for dismissal, the district court was "obliged to dismiss immediately." *Greenawalt v. Stewart,* 105 F.3d 1268, 1274 (9th Cir. 1997).

We hold that the district court properly dismissed Jiminez' petition for failure to exhaust state remedies.

## IV

Jiminez argues that the district court's delay in acting on the petition should equitably estop it from raising the failure to exhaust state remedies. It appears that Jiminez suggests that equitable tolling should apply as well. Jiminez failed to raise either argument before the district court.

"As a general rule, we will not consider an issue raised for the first time on appeal...." *Bolker v. Commissioner,* 760 F.2d 1039, 1042 (9th Cir.1985). Because Jiminez' new claims are not pure questions of law, we decline to consider them. *See id.*

## V

The district court dismissed the petition with prejudice because "any later petition which might be filed ... would be time-barred by the AEDPA." Jiminez asserts that the district court erred in dismissing his petition *with prejudice* because he could file a new petition within AEDPA's one-year statute of limitations.

The limitations period expired on April 23, 1997, *see Dictado v. Ducharme,* 189 F.3d 889, 891 (9th Cir.1999), but is tolled during the time "State post-conviction or other collateral review" is pending, 28 U.S.C. § 2244(d)(2). If section 2244(d)(2) tolls the limitations period while

a federal petition is pending, Jiminez conceivably could have filed a timely successive petition immediately after the district court dismissed his original petition.

Both the Third and Fifth Circuits have held that a federal petition does not toll the limitations period pursuant to section 2244(d)(2). *See Grooms v. Johnson,* 208 F.3d 488, 489 (5th Cir.1999); *Jones v. Morton,* 195 F.3d 153, 159 (3d Cir.1999). *But see Walker v. Artuz,* 208 F.3d 357, 359–61 (2d Cir.2000) (holding that section 2244(d)(2) tolls the limitations period while a federal petition is pending). This conclusion arises from the determination that "Congress clearly intended that the word 'State' would be read to modify both 'post-conviction' and 'other collateral,' so that tolling would be afforded under § 2244(d)(2) for various forms of state review only." *Jones,* 195 F.3d at 159 (citing *Sperling v. White,* 30 F.Supp.2d 1246, 1249–53 (C.D.Cal.1998)); *see also Grooms,* 208 F.3d at 489 ("[T]he word 'State' in the phrase 'State post-conviction proceeding [sic] or other collateral review' modifies both the phrase 'post-conviction review' and the phrase 'other collateral review.'"). We agree.

Section 2244(d)(2) makes no mention of federal relief. This omission is in stark contrast to other sections of AEDPA in which Congress explicitly described both state and federal collateral relief. *See, e.g.,* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254"); *id.* § 2261(e) (Supp. II 1996) ("The ineffectiveness or incompetence of counsel during State or Federal collateral post-conviction proceedings in a capital case shall not be a ground for relief in a proceeding arising under section 2254"); *id.* § 2264(a)(3) (Supp. II 1996) (allowing certain new habeas claims to be heard if they were discovered after "State or Federal post-conviction review"). Indeed, section 2244(d)(2) resembles the tolling provision for habeas petitions in capital cases, which uses "post-conviction review or other collateral relief" to refer solely to state relief. *See id.* § 2263(b)(2) (Supp. II 1996) (tolling the limitations period "from the date on which the first petition for post-conviction review or other collateral relief is filed until the final State court disposition of such petition"). Although section 2244(d)(2) may be susceptible to different interpretations when read alone, Congress's use of language that differs from other sections indicates that a federal petition does not toll the limitations period. *See United Savings Ass'n v. Timbers of Inwood Forest Assocs., Ltd.,* 484 U.S. 365, 371, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988) ("A provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme-because the same terminology is used elsewhere in a context that makes its meaning clear...."); *INS v. Cardoza–Fonseca,* 480 U.S. 421, 432, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987) ("Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.") (internal quotation marks and alteration omitted).

Our interpretation of section 2244(d)(2) is also consistent with its application to a petition for a writ of certiorari to the United States Supreme Court following denial of a state habeas petition. Although we have not addressed this issue, and need not do so here, every appellate court that has considered section 2244(d)(2)'s effect on such a petition concluded that there is no tolling. *See Coates v. Byrd,* 211 F.3d 1225, 1227 (11th Cir.2000) (holding that section 2244(d)(2) tolls "only so long as the case is in the state courts"); *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir.1999) ("[A] petition for writ of certiorari to the Supreme Court is not an application for 'State' review that would toll the limitations period."), *cert. denied,* —— U.S. ——, 120 S.Ct. 1834, 146 L.Ed.2d 777 (2000); *Rhine v. Boone,* 182 F.3d 1153, 1156 (10th Cir.1999) ("[I]n the wording of § 2244(d)(2), 'State' modifies the phrase

'post-conviction review' and the phrase 'other collateral review.'"), *cert. denied*, —— U.S. ——, 120 S.Ct. 808, 145 L.Ed.2d 681 (2000).

Allowing only applications for state relief to toll the limitations period respects the policy goal for section 2244(d)(2) as well. We have held that "[t]olling AED-PA's statute of limitations until the state has fully completed its review reinforces comity and respect between our respective judicial systems." *Nino*, 183 F.3d at 1007 (discussing state comity purpose of section 2244(d)(2)). Applying section 2244(d)(2) to a federal petition does nothing to further Congress's intent to promote exhaustion of state relief. *See id.* at 1005 ("Tolling the federal statute of limitations while the state prisoner is properly adhering to exhaustion requirements reinforces the orderly presentation of claims to the appropriate state tribunals and obviates the need for federal action prompted by AED-PA's statute of limitations.").

We recognize that, in *Walker v. Artuz*, the Second Circuit held that section 2244(d)(2) tolls the limitations period while a federal petition is pending, yet we remain unpersuaded by *Walker's* reasoning. *See Walker*, 208 F.3d at 359–61. Although applying "State" to "other collateral review" may create a "linguistic oddity," *id.* at 360, Congress's use of these terms in other sections of AEDPA, as well as the policy goals of the Act, indicate that section 2244(d)(2) does not apply to federal petitions.

Unlike *Walker*, we are also not troubled by the "slender reed" upon which the "post-conviction" and "other collateral" relief are distinguished. *See id.* (criticizing *Sperling*, 30 F.Supp.2d at 1251, for concluding that "collateral relief" applied to non-judicial state remedies such as petitions for clemency). We agree that "[j]udges should hesitate . . . to treat statutory terms [as surplusage] in any setting. . . ." *See Ratzlaf v. United States*, 510 U.S. 135, 140, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994). That is why we reject *Walker's* construction of section 2244(d)(2),

which renders "State" and "other collateral" superfluous. *See Walker*, 208 F.3d at 360 ("Because 'post-conviction review' is a broad term that seems to encompass all review a prisoner seeks after conviction, we can see no reason why Congress should have believed that there were 'other' forms of 'collateral review' that did not come within the scope of 'post-conviction review.'"). Moreover, in the tolling provision for capital cases, Congress used both "post-conviction review" and "other collateral relief" to refer solely to state proceedings, apparently without sharing *Walker's* concern. *See* 28 U.S.C. § 2263(b)(2) (tolling the limitations period "from the date on which the first petition for post-conviction review or other collateral relief is filed until the final State court disposition of such petition").

## VI

We hold that section 2244(d)(2) does not toll the AEDPA limitations period while a federal habeas petition is pending. Jiminez therefore has exceeded the time for filing another federal petition, and dismissal with prejudice was appropriate.

AFFIRMED.