**Allen L. SMITH, Petitioner–Appellant,**

v.

**David MILLS, Respondent–Appellee.**

No. 00–5523.

United States Court of Appeals,
Sixth Circuit.

March 16, 2001.

Before NORRIS and DAUGHTREY, Circuit Judges; ZATKOFF, District Judge.[*]

_____

* The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District

Allen L. Smith appeals a district court judgment that dismissed his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. _See_ Fed. R.App. P. 34(a).

Following a jury trial in the Knox County, Tennessee, Criminal Court in 1991, Smith was convicted of aggravated rape and attempted aggravated rape and was sentenced to concurrent terms of twenty years of imprisonment and eight years of imprisonment, respectively. The Tennessee Court of Criminal Appeals affirmed the convictions on direct appeal, _see State v. Smith,_ No. 03C01–9203–CR–91, 1993 WL 78750 (Tenn.Crim.App. Mar. 18, 1993), but reduced Smith's sentence to seventeen years of imprisonment. The Tennessee Supreme Court subsequently denied Smith leave to appeal.

Thereafter, Smith filed a petition for post-conviction relief in the trial court asserting that his indictment was defective and that he received ineffective assistance of trial counsel. The trial court dismissed the petition as meritless, and the Tennessee Court of Criminal Appeals affirmed the judgment. _See Smith v. State,_ No. 03C01–9511–CR–00351, 1997 WL 420761 (Tenn.Crim.App. July 29, 1997). After the Tennessee Supreme Court again denied Smith leave to appeal on March 9, 1998, Smith petitioned the United States Supreme Court for certiorari. The Supreme Court denied certiorari on October 5, 1998. _See Smith v. Tennessee,_ 525 U.S. 905, 119 S.Ct. 240, 142 L.Ed.2d 197 (1998).

Smith filed his federal habeas petition in the district court on July 19, 1999. The

of Michigan, sitting by designation.

state filed a motion to dismiss the petition as barred by the one-year statute of limitations applicable to § 2254 petitions pursuant to 28 U.S.C. § 2244(d)(1), and Smith filed a reply in opposition and a supplemental reply. The district court granted the state's motion, dismissed the petition, and denied Smith a certificate of appealability. Smith filed a timely notice of appeal, and this court granted Smith a certificate of appealability with respect to whether the petition is barred under the statute of limitations.

On appeal, Smith asserts that the statute of limitations was tolled while his petition for a writ of certiorari taken from the state courts' denial of post-conviction relief was pending before the United States Supreme Court. The state responds that the limitations period was not tolled. Upon de novo review, *see Clemmons v. Sowders,* 34 F.3d 352, 354 (6th Cir.1994); *Carter v. Sowders,* 5 F.3d 975, 978 (6th Cir.1993), we affirm the judgment essentially for the reasons stated by the district court in its memorandum filed March 31, 2000. A petition for a writ of certiorari filed in a state post-conviction proceeding does not constitute a properly filed state proceeding for tolling purposes. *See Isham v. Randle,* 226 F.3d 691, 693–95 (6th Cir.2000); *Jiminez v. Rice,* 222 F.3d 1210, 1213 (9th Cir. 2000); *Coates v. Byrd,* 211 F.3d 1225, 1227 (11th Cir.2000).

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.