Derrick REAVES, Petitioner,

v.

Harry K. RUSSELL, Respondent.

No. C–1–00–519.

United States District Court, S.D. Ohio, Western Division.

July 13, 2001.

Derrick Reaves, Lebanon, OH, pro se.

Jonathan R Fulkerson, Ohio Attorney General, Corrections Litigation Section, Columbus, OH, for Harry K. Russell, Warden, respondents.

## ORDER

SPIEGEL, Senior District Judge.

This matter is before the Court on the Magistrate Judge's March 7, 2001 Report and Recommendation (doc. 15) and Respondent's Objections to the Report and Recommendation (doc. 16), to which Petitioner did not file a Reply.

## BACKGROUND

On June 27, 2001, Petitioner Derrick Reaves, an inmate in state custody at the Lebanon Correctional Institution in Lebanon, Ohio, brought this action *pro se* for a writ of habeas corpus against Respondent–Warden Harry Russell, pursuant to Title 28 U.S.C. § 2254 (doc. 1). In a subsequently filed Motion to Dismiss the Habeas Petition, Petitioner asserts that, since his claims for ineffective assistance of trial and appellate counsel in his state criminal case have not been properly presented to the state courts for review, Petitioner moves this Court to hold his habeas corpus proceedings in abeyance, or, alternatively, to dismiss his Habeas Petition without prejudice (doc. 11). Petitioner indicates that he can raise these claims in state court at this late date by way of an application for reopening, pursuant to Ohio App. R. 26(B) (*Id.*).

On September 28, 2000, Respondent filed a Response to Petitioner's Motion to Dismiss (doc. 12). In his Response, Petitioner indicates that until the original Habeas Petition is amended, there is no claim in the Petition that requires further exhaustion by Petitioner in state court (*Id.*). In addition, Respondent contends that, even if the Petition is later amended, the Court may still deny claims that are not exhausted, pursuant to 28 U.S.C. § 2254(b)(2) (*Id.*). Respondent further contends that federal judicial resources should not be wasted in an effort to enable Petitioner to complete his state court litigation (*Id.*).

On March 7, 2001, the Magistrate Judge issued his Report and Recommendation advising this Court to dismiss the Petition without prejudice to refiling after Petitioner has exhausted his Ohio remedies with respect to the ineffective assistance of counsel claims (doc. 15). The Magistrate Judge further explained his ruling as follows:

> In order to avoid potential statute of limitations issues arising from the dismissal of the action without prejudice, it is FURTHER RECOMMENDED that (to the extent the limitations period has not already run) the one year period in which an action must be instituted pursuant to 28 U.S.C. § 2244(d)(1) be

TOLLED effective June 27, 2000, the date this action was filed, and that the tolling of the limitations period be conditioned on petitioner's pursuing his state remedies within thirty (30) days of the date of this Order and on petitioner's filing a renewed petition for writ of habeas corpus with this Court within thirty (30) days after exhausting his state remedies.

(doc. 15). The Court notes that the Magistrate Judge did not cite to any specific case law or statute in support of tolling the statute of limitations for Petitioner in order for Petitioner to file the Petition in this case (*Id.*).

Proper notice was provided to both Petitioner and Respondent under Title 28 U.S.C. § 636(b)(1)(C), including the notice that the Parties would waive further appeal if they failed to file Objections to the Magistrate Judge's Reports and Recommendations in a timely manner (*Id.*). *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981) ("[T]he fundamental Congressional policy underlying the [Federal] Magistrate's Act [is] to improve access to the federal courts and aid the efficient administration of justice [and] is best served by our holding that a party shall file objections with the district court or waive the right to appeal.").

On March 13, 2001, Respondent filed his Objections to the Magistrate Judge's Report and Recommendation (doc. 16). In his Objections, Respondent concedes that he does not object to the dismissal of the Petition without prejudice, but he does, however, object to the Magistrate Judge's recommendation that the federal statute of limitations be tolled effective June 27, 2000, the date the federal habeas action was initially filed (*Id.*). *See* 28 U.S.C. §§ 2244(d) & 2254(b)(1). Specifically, Respondent asserts that three of the four Circuit Courts that have examined the problem of how to treat the statute of

limitations issue when dismissing an unexhausted or mixed Petition, have determined that a federal petition does not toll the statute of limitations under 28 U.S.C. § 2244(d)(2). *See Jiminez v. Rice*, 222 F.3d 1210, 1214 (9th Cir.2000) ("We hold that § 2244(d)(2) does not toll the AEDPA limitations period while a federal habeas petition is pending."); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir.1999) ("[W]e are persuaded by the analysis of the majority of Courts that have considered the issues that the statute of limitations is *not* tolled under § 2244(d)(2) for the time during which a habeas petition is pending in federal court."); *Grooms v. Johnson*, 208 F.3d 488, 489 (5th Cir.1999); *but see Walker v. Artuz*, 208 F.3d 357, 359–61 (2d Cir.2000).

## DISCUSSION

■ Under 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct his or her sentence based on an allegation that the sentence was imposed in violation of the Constitution or federal laws, that the court was without jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. Section 2255 also imposes a one-year time limit on the submission of such motions to the court, pursuant to § 105 of the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter, the "Act"), Pub.L. No. 104–132, 110 Stat. 1214. Courts generally allow prisoners a one-year grace period starting from the April 24, 1996–effective date of the Act in which to file motions concerning a conviction arising before the Act's effective date. *See Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir.1996), *rev'd on other grounds*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); *see also Burns v. Morton*, 134 F.3d 109, 111 (3d Cir.1998); *Calderon v. United States Dist. Ct. for the Cent. Dist. of Cal.*, 128 F.3d

1283, 1287 (9th Cir.1997); *Martin v. Jones,* 969 F.Supp. 1058, 1061 (M.D.Tenn.1997).

■ In the case at bar, this Court has proper jurisdiction over the subject matter of Petitioner's Petition, pursuant to Title 28 U.S.C. § 2254(a). A state prisoner seeking habeas corpus relief, pursuant to 28 U.S.C. § 2254, must comply with a statute of limitations period, which 28 U.S.C. § 2244(d) provides, in relevant part, as follows:

> (d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]
>
> (d)(2) The time during which a properly filed application for *State post-conviction or other collateral review* with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2) (emphasis added). This case presents the question of whether a federal habeas corpus petition is an "application for State post-conviction or other collateral review," within the meaning of this provision. Our task is to construe what Congress has enacted. *See Williams v. Taylor,* 529 U.S. 420, 431, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000) ("We give the words of a statute their 'ordinary, contemporary, common meaning,' absent an indication Congress intended them to bear some different import.") (internal citations omitted).

Petitioner reads § 2244(d)(2) to apply the word "State" only to the term "post-conviction" and not to the phrase "other collateral" (doc. 11). Under this view, a properly filed federal habeas petition tolls the limitation period. This is also the position taken by the Magistrate Judge in his Report and Recommendation (doc. 15). Respondent contends that the word "State" applies to the entire phrase "post-conviction or other collateral review" (doc. 16). Under this view, a properly filed federal habeas petition does not toll the limitation period.

Since the filing of the Magistrate Judge's Report and Recommendation (doc. 15), as well as the Respondent's Objections to the Report (doc. 16), the United States Supreme Court granted certiorari in the case of *Duncan v. Walker,* 531 U.S. 991, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) in order to resolve the conflict between the Second Circuit's minority decision in *Walker v. Artuz,* 208 F.3d 357, 359 (2d Cir.2000) (holding that a petitioner's first federal habeas petition had tolled the limitation period because it was an application for "other collateral review" within the meaning of § 2244(d)(2)), and the majority decisions of the other Courts of Appeals. *See Jiminez v. Rice,* 222 F.3d 1210 (9th Cir. 2000); *Grooms v. Johnson,* 208 F.3d 488 (5th Cir.1999) (per curiam); *Jones v. Morton,* 195 F.3d 153 (3rd Cir.1999); *but see Petrick v. Martin,* 236 F.3d 624, 627 (10th Cir.2001) (adopting the Second Circuit's view) ("We agree that the language of the statute is best read as tolling the limitations period for 'State post-conviction review,' and for 'other collateral review,' including federal habeas review.").

The Supreme Court in *Duncan v. Walker* reversed the holdings of the Second and Tenth Circuits, which supported Petitioner's position, and the Court supported the holdings of the Ninth, Fifth, and Third Circuit's, which supported Respondent's positions. *Duncan,* 531 U.S. at ——— ———, 121 S.Ct. at 2124–25. The Supreme Court explained its holding as follows:

We find no likely explanation for Congress' omission of the word "Federal" in § 2244(d)(2) other than that Congress did not intend properly filed applications for federal review to toll the limitations period. It would be anomalous, to say the least, for Congress to usher in federal review under the generic rubric of "other collateral review" in a statutory provision that refers expressly to "State" review, while denominating expressly both "State" and "Federal" proceedings in other parts of the same statute. The anomaly is underscored by the fact that the words "State" and "Federal" are likely to be no small import when Congress drafts a statute that governs federal collateral review of state court judgments.

*Id.,* 531 U.S. at ——, 121 S.Ct. at 2125. The Supreme Court also explained that there are several public policy arguments in interpreting § 2244(d)(2) as serving the well-recognized interest in the finality of state court judgments:

> By tolling the limitation period for the pursuit of state remedies and not during the pendency of applications for federal review, § 2244(d)(2) provides a powerful incentive for litigants to exhaust all available state remedies before proceeding in the lower federal courts. But if the statute were construed so as to give applications for federal review the same tolling effect as applications for state collateral review, then § 2244(d)(2) would furnish little incentive for individuals to seek relief from the state courts before filing federal habeas petitions. The tolling provision instead would be indifferent between state and federal filings. While other statutory provisions, such as § 2254(b) itself, of course, would still provide individuals with good reason to exhaust, § 2244(d)(2) would be out of step with this design. At the same time, [the inmate's] interpretation [of this statute] would further undermine the

interest in finality by creating more potential for delay in the adjudication of federal-law claims.

*Id.* at 2128. Therefore, the United States Supreme Court's holding in *Duncan v. Walker,* affirms the majority Circuit Court of Appeals view, as well as Respondent's view, on the issue of tolling the federal statute of limitations period in this case (*see* doc. 16). However, the Court will GRANT Petitioner's Motion to Dismiss his Habeas Petition WITHOUT PREJUDICE in this case (*see* doc. 11).

## CONCLUSION

Having reviewed this matter *de novo* and for the reasons set forth above, pursuant to Title 28 U.S.C. § 636, we find the Magistrate Judge's Report and Recommendation to be incorrect (doc. 15). Accordingly, we REJECT–IN–PART the Magistrate Judge's report (*Id.*), REVERSE–IN–PART the Magistrate Judge's recommended decision (*Id.*), and DISMISS Petitioner's Petition WITHOUT PREJUDICE for failure to exhaust his state court remedies (doc. 11).

However, the federal statute of limitations in this action will not be tolled in this case, in accordance with the holding of *Duncan v. Walker,* 531 U.S. 991, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001).

SO ORDERED.