United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 25, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41686
Summary Calendar

_____

DONALD STROMILE,

Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(G-00-CV-594)
--------------------

Before JOLLY, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Petitioner-Appellant Donald Stromile, Texas prisoner # 796587,

appeals the district court's denial of his 28 U.S.C. § 2254 claim

that the prosecutor's closing argument expressing a personal belief

of Stromile's guilt violated his rights under the Due Process

Clause of the Constitution.  This is the same issue on which the

district court granted a certificate of appealability (COA) after

ruling that Stromile's petition was not time-barred under 28 U.S.C.

§ 2244(d)(1).  We have subsequently rejected this basis for denying

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cockrell's time-bar argument.  See Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003).  A review of the record reveals that Stromile's petition is indeed time-barred, as the limitations period was not tolled by his state habeas application, filed after expiration of the period, or by his previous habeas petition, which he voluntarily dismissed.  See Grooms v. Johnson, 208 F.3d 488, 489-90 (5th Cir. 1999); 28 U.S.C. § 2244(d).  Denial of habeas relief may be –– and is –– affirmed on this alternate basis.  See Bickford v. International Speedway Corp., 654 F.2d 1028, 1031 (5th Cir. 1981).  We deny as moot Stromile's motion for appointment of counsel.

AFFIRMED; MOTION DENIED.