**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 98-41211

GREGORY ARTHUR OTT,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

Appeal from the United States District Court
For the Eastern District of Texas

October 21, 1999

Before POLITZ, DAVIS, and STEWART, Circuit Judges.

POLITZ, Circuit Judge:

Texas inmate Gregory Arthur Ott appeals the district court's denial of his habeas corpus petition under 28 U.S.C. § 2254. For the reasons assigned, we affirm.

## BACKGROUND

In 1978, Ott was convicted of murdering a Texas Ranger and was sentenced to life imprisonment. This conviction was affirmed on direct appeal and became final in July 1982.[1] On April 23, 1997, Ott, represented by counsel, filed a state habeas corpus application, challenging issues relating to the rescision of his parole

---

[1] *See* **Ott v. State**, 627 S.W.2d 218 (Tex. App. 1981, pet. ref'd).

certificate and the validity of his conviction.[2]  On September 17, 1997, the Texas Court of Criminal Appeals denied the application without written order.

On Tuesday, September 23, 1997, Ott, represented by counsel, filed a § 2254 petition raising the same issues as in the state habeas application.  Counsel stated that on the prior Saturday, September 20, 1997, he received a "white card" from the Texas Court of Criminal Appeals postmarked September 18, 1997, noting that Ott's habeas application had been denied. Counsel stated that he mailed the § 2254 application for filing on Monday, September 22, 1997, the next business day after receiving notification.

Adopting a report and recommendation by the magistrate judge, the district court found that Ott had until April 24, 1997 to timely file a § 2254 application and that the filing of the state court action on April 23, 1997 tolled the period for one day.  The court determined that the filing on September 23, 1997, after the denial of the state application on September 17, 1997, was untimely.  It also rejected Ott's argument that the limitations period should be tolled during the time allotted to seek a petition for certiorari from the denial of his state habeas application.  Finally, the district court determined that equitable tolling should not apply in this case as Ott had waited nineteen years before bringing his claims.

After dismissing his petition as time-barred, the district court granted a certificate of appealability ("COA") limited to the issues regarding the limitations

---

[2] The April 1997 habeas petition was actually the second state habeas application.  The first state habeas action was filed in 1989.  That habeas petition, which raised different issues from the present petition, is not in the record and is not relevant to the disposition of this case.

period and equitable tolling.

## ANALYSIS

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year limitations period for filing a writ of habeas corpus by a person in state custody. Under 28 U.S.C. § 2244(d)(1)(A), the limitations period commences from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[3] Moreover, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

For convictions final before the effective date of the AEDPA, we have applied a one-year grace period allowing habeas petitioners until April 24, 1997 to file their claims.[4] As noted, however, under § 2244(d)(2) the time between Ott's filing of his state habeas application and its denial does not count against the one-year limitations period.

Ott filed his state habeas application on April 23, 1997, one day before the expiration of the grace period. The limitations period expired on Friday, September 19, 1997, one day after the Texas Court of Criminal Appeals denied the

---

[3] Although § 2244(d)(1) lists three other alternative events from which the limitations period would begin, Ott agrees that the date of final judgment in § 2244(d)(1)(A) is the only applicable provision here.

[4] **Flanagan v. Johnson**, 154 F.3d 196 (5th Cir. 1998).

habeas application on September 18, 1997.[5] Ott asserts two bases that would prevent his September 23, 1997 application from being deemed untimely filed. First, he contends that the ninety days in which a state habeas petitioner may petition the United States Supreme Court for a writ of certiorari, even if no petition for certiorari is filed, should toll the limitations period. Second, he asserts that the limitations period in this case should be extended by the doctrine of equitable tolling.[6]

I

Ott first contends that § 2244(d)(2), which tolls the limitations period while a "properly filed application for State post-conviction or other collateral review" is pending, includes the ninety days in which a state habeas petitioner may file a petition for writ of certiorari with the United States Supreme Court. He maintains that expiration of the limitations period prior to the time in which he could seek Supreme Court review would unfairly penalize those who desire to petition for certiorari. We review this question of statutory construction *de novo*.[7]

We have not previously had an opportunity to consider this issue. We now

---

[5] On appeal, Ott abandons the argument made in the district court that the three-day allowance for acts conducted by mail, *see* Fed. R. Civ. P. 6(e), extended the limitations period.

[6] We note that although Ott has briefed six issues concerning the suspension, equal protection, and due process clauses of the constitution, these issues were not included in the COA granted by the district court. Even though Ott has briefed the issues, he has not explicitly requested that we broaden the district court's COA. Without an express request to broaden the COA, one which we approved, we will not consider issues on which a COA was denied. *See* **United States v. Kimler**, 150 F.3d 429 (5th Cir. 1998).

[7] *See* **United States v. Fitch**, 137 F.3d 277 (5th Cir. 1998).

reject same. We agree with our colleagues in the Tenth Circuit that § 2244(d)(2) does not toll the limitations period from the time of denial of state habeas relief by the state high court until the time in which a petitioner could have petitioned the United States Supreme Court for certiorari.[8]

First, unlike § 2244(d)(1)(A), which takes into account the time for filing a certiorari petition in determining the finality of a conviction on direct review, § 2244(d)(2) contains no such provision. Rather, § 2244(d)(2) only tolls the period for a properly filed petition for "State post-conviction or other collateral review." It is a fundamental tenet of statutory construction that Congress intended to exclude language included in one section of a statute, but omitted from another section.[9] We conclude and hold that a petition for writ of certiorari to the Supreme Court is not an application for "State" review that would toll the limitations period.[10]

Second, we also note that judicial efficiency does not require a petitioner to begin federal habeas proceedings until the state conviction becomes final upon direct review, which occurs upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari. For state post-conviction proceedings, however, the post-conviction application becomes final after a decision by the state's high court. Requesting relief from the Supreme Court is not

---

[8] *See* **Rhine v. Boone**, No. 98-6353, 1999 WL 459312, at * 2-3 (10th Cir. July 7, 1999). *See also* **United States v. DeTella**, 6 F. Supp. 2d 780 (N.D. Ill. 1998) (holding that time for seeking certiorari with Supreme Court does not toll limitations period under § 2244(d)(2)).

[9] **Hohn v. United States**, 118 S. Ct. 1969 (1998).

[10] *See* **Rhine**, 1999 WL 459312, at * 3 (holding that "State" modifies both the phrase "post-conviction review" and the phrase "other collateral review").

5

necessary for prosecuting state habeas relief and is irrelevant to federal habeas jurisdiction. Thus, unlike direct review, there is no judicial interest in habeas proceedings for tolling the limitations period for Supreme Court certiorari petitions.[11] Accordingly, the period for seeking a petition for certiorari does not toll Ott's limitations period under § 2244(d)(2).

## II

Ott next maintains that the doctrine of equitable tolling should extend the limitations period. We have held that the AEDPA's limitations period is not jurisdictional, but is subject to equitable tolling principles.[12] We review the district court's decision not to invoke the doctrine of equitable tolling for abuse of discretion.[13]

Although cautious not to apply the statute of limitations too harshly, we recognize that the equitable tolling doctrine is to be applied only if the relevant facts present sufficiently "rare and exceptional circumstances" that would warrant application of the doctrine.[14] We recently explained that equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," and

---

[11] *See* **id.**

[12] **Davis v. Johnson**, 158 F.3d 806 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 1474 (1999).

[13] **Fisher v. Johnson**, 174 F.3d 710 (5th Cir. 1999).

[14] **Davis**, 158 F.3d at 811.

6

noted that "excusable neglect" does not support equitable tolling.[15]

Ott contends that it would be inequitable to apply the limitations period because he mailed his federal habeas petition for filing on the first business day after receiving notice of the denial of the state application. Moreover, Ott asserts that Texas created an impediment to the timely filing of his petition by its notification of habeas denials through mailed postcards.

We find no error in the district court's decision not to apply the doctrine of equitable tolling to the facts of this case. Ott was represented by counsel for both his state and federal habeas applications. As the district court noted, Ott did not challenge the parole board's actions until some nineteen years after the underlying conviction and fifteen years after the conviction became final. Further, we underscore that the state habeas application was not filed until one day before the expiration of the AEDPA's one-year grace period, an action that necessarily mandated a swift filing of the federal habeas application following the denial of the state petition. This was a matter totally within the control of Ott. The state application readily could have been filed a few days earlier, allowing an adequate period for the filing of the federal petition after final denial of the state application. Accordingly, we find that these are not "rare and exceptional" circumstances in which equitable tolling is warranted.

Because Ott's federal habeas corpus petition was not timely filed and because equitable tolling does not apply in this case, the judgment appealed is

---

[15] **Coleman v. Johnson**, No. 98-10394, 1999 WL 598607, at * 4 (5th Cir. Aug. 3, 1999) (quoting **Rashidi v. America President Lines**, 96 F.3d 124,128 (5th Cir. 1996)).

AFFIRMED.