UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20971
Summary Calendar

_____

JOSE JESUS PARDO,

                                        Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
(H-97-CV-3068)

_____

March 1, 2000

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[1]

    Jose Jesus Pardo (Texas prisoner #626222) contests the dismissal of his 28 U.S.C. § 2254 petition as time-barred under the one-year limitations period of the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d). Pardo was granted a certificate of appealability (COA) on the following issue: whether, in the light of the doctrine of equitable tolling, the district court properly dismissed the petition as time-barred.[2]

_____

    [1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

    [2]In his principal brief, Pardo presents the merits of his constitutional claims. Those claims exceed his COA. *See* **Lackey v. Johnson**, 116 F.3d 149, 151-52 (5th Cir. 1997). In any event, we lack jurisdiction to consider them, because the district court did

Pardo contends that such tolling should apply, because: a prison transfer prevented him from receiving notice that his prior filed § 2254 petition, that he believed was still pending, had been dismissed without prejudice in January 1995; the district court failed to resend copies of its dismissal order and judgment after receiving his change-of-address notice; he did *not* learn about the dismissal until he received a copy of the district court's docket sheet in response to his July 1997 letter of inquiry; and he filed his second petition shortly thereafter.

The record reflects that, after Pardo's first petition was dismissed without prejudice, the district court clerk attempted to send him copies of the order of dismissal and final judgment. That attempt proved unsuccessful, because the clerk had *not* received Pardo's change-of-address notice. Shortly thereafter, Pardo inquired by letter to the district court about the status of his case and requested the appointment of counsel. Although Pardo received *no* response, he waited approximately 26 months before he sent a second letter in July 1997 and learned that his first petition had been dismissed. The one-year grace period within

_____

not address them as an alternative to its procedural holding. *See* **Whitehead v. Johnson**, 157 F.3d 384, 387-88 (5th Cir. 1998).

  For the first time in his reply brief, Pardo raises two new issues regarding the timeliness of his § 2254 petition. Those issues, one of which involves equitable tolling and the other of which involves an unconstitutional state impediment, are both based on the failure of his prison law library to receive a copy of AEDPA until 14 April 1997. Because those issues were *not* raised in Pardo's initial COA application and because they are raised for the first time in his reply brief, they are *not* properly before us. *See* **Lackey**, 116 F.3d at 151-52; **Yohey v. Collins**, 985 F.2d 222, 225 (5th Cir. 1993).

which Pardo could have filed a timely § 2254 petition expired in April 1997, toward the end of that 26-month period. *See* **Flanagan v. Johnson**, 154 F.3d 196, 199-200, 202 (5th Cir. 1998)(§ 2254 petitioners whose convictions became final prior to the AEDPA's effective date had until 24 April 1997 to seek federal habeas relief).

Pardo offers *no* explanation why he waited 26 months before taking further action to learn about the status of his first petition.  In order to be entitled to equitable tolling, he had to pursue habeas relief diligently.  *See* **Coleman v. Johnson**, 184 F.3d 398, 403 (5th Cir. 1999).  He failed to do so.  Accordingly, the district court did *not* abuse its discretion in refusing to apply equitable tolling.  *See* **id.; Ott v. Johnson**, 192 F.3d 510, 513 (5th Cir. 1999).

**AFFIRMED**