IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40726
Conference Calendar

_____

WILLIAM STANLEY FRY,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-98-CV-196
--------------------
April 12, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Texas prisoner William Stanley Fry, through counsel, challenges the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition as time-barred, pursuant to 28 U.S.C. § 2244(d). Specifically, he contends that the district court erred in failing to conclude that the limitations period was tolled, pursuant to § 2244(d)(2), during the 90-day period in which he could have sought a writ of certiorari from the United

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States Supreme Court.  His argument is without merit.  See <u>Ott v. Johnson</u>, 192 F.3d 510, 513 (5th Cir. 1999).[**]

Fry has abandoned his argument that the limitations period should have been equitably tolled during the pendency of his unsuccessful motions for leave to file an untimely petition for discretionary review and during the time he could have sought reconsideration of those denials.  See <u>Yohey v. Collins</u>, 985 F.2d 222, 224-25 (5th Cir. 1993).  He argues instead, for the first time on appeal, the limitations period should have been tolled during the time he could have sought reconsideration of the state appellate court's denial of his habeas application.  Fry moves to have the question certified to the Texas Court of Criminal Appeals.  Because the argument is raised for the first time on appeal, we will not consider it.  See <u>Leverette v. Louisville Ladder Co.</u>, 183 F.3d 339, 342 (5th Cir. 1999).  The motion to certify questions to the Texas Court of Criminal Appeals is DENIED.

Fry's appeal is without arguable merit and is therefore DISMISSED.  See <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.

APPEAL DISMISSED; MOTION DENIED.

---

[**] This decision was rendered after the district court granted a certificate of appealability in the instant case.