[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11 2000
THOMAS K. KAHN
CLERK

_____

No. 99-12642
Non-Argument Calendar
_____

D.C. Docket No. 99-00039-CV-JEC-1

JAMES COATES,

Petitioner-Appellant,

versus

THOMAS BYRD,
ATTORNEY GENERAL FOR THE
STATE OF GEORGIA,

Respondents-Appellees.

_____

Appeal from the United States District Court for the
Northern District of Georgia

_____

**(May 11, 2000)**

Before EDMONDSON, CARNES and HULL, Circuit Judges.

PER CURIAM:

James Coates filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court denied his application on 28 U.S.C. § 2243 statute of limitations grounds, and he appeals that denial. As explained in Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998), we are limited in our review to the issue specified in the certificate of appealability.[1] That issue is whether the time limit for filing Coates' federal habeas application was tolled during the ninety-day period following the Georgia Supreme Court's refusal to review the state trial court's denial of his petition for collateral relief. In other words, did the section 2244(d)(1) calendar run during the ninety-day period in which Coates could have (but did not) file in the United States Supreme Court a petition for a writ of certiorari from the denial of state collateral relief.[2]

---

[1] The Respondent's argument that the district court improperly granted a certificate of appealability on a non-constitutional issue is foreclosed by our recent decision in Henry v. Department of Corrections, 197 F.3d 1361, 1364-65 (11th Cir. 1999).

[2] We see no point in detailing the procedural facts of this case. Suffice it to say that if the running of the statute of limitations was tolled during the ninety-day period in which Coates could have filed a certiorari petition in the United States Supreme Court, his section 2254 application in federal district court was timely filed. If the statute of limitations was not tolled during that period, then Coates' section 2254 application was not timely filed.

In Rhine v. Boone, 182 F.3d 1153 (10th Cir. 1999), the Tenth Circuit was faced with the issue of whether the actual filing of a petition for a writ of certiorari in the United States Supreme Court following the denial of collateral relief in the state courts tolled the running of the statute of limitations. The Tenth Circuit looked to the language of 28 U.S.C. § 2244(d)(2), which is the provision applicable to tolling during state collateral proceedings, and contrasted it with the language of section 2244(d)(1), which is the provision applicable to tolling during direct appeal. Id. at 1155-56. The statute specifies that during direct appeal the tolling lasts until (or more accurately, the limitations period begins to run from) "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See 28 U.S.C. § 2244(d)(1)(A). By contrast, the tolling during state collateral review occurs only while the application for "State post-conviction or other collateral review ... is pending." See 28 U.S.C. § 2244(d)(2).

As the Tenth Circuit explained in Rhine, the difference in the wording of the two provisions is significant. A judgment does not become "final by the conclusion of direct review or by the expiration of the time for seeking such review," see 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired. See Rhine, 182 F.3d at 1156; cf. Griffith v. Kentucky, 479 U.S. 314, 321 n.6, 107 S. Ct. 708, 712 n.6 (1987) (defining

3

a state conviction as "final" for retroactivity doctrine purposes when the availability of direct appeal has been exhausted, including the denial of a certiorari petition by the United States Supreme Court or the expiration of time for seeking such review). On the other hand, an application "for State post-conviction or other collateral review ... is pending," 28 U.S.C. § 2244(d)(2), only so long as the case is in the state courts. See Rhine, 182 F.3d at 1156. "A petition for writ of certiorari to the United States Supreme Court is simply not an application for state [court] review of any kind; it is neither an application for state post-conviction review nor an application for other state collateral review." Id. Likewise, the exhaustion of state remedies, which is a prerequisite to federal habeas review, does not require a prisoner to seek certiorari review in the Supreme Court of the state courts' denial of his state collateral petition. See id. The Fifth Circuit reached the same conclusion about this issue as did the Tenth Circuit, and for the same reasons. See Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999).

We agree with the Tenth and Fifth Circuits that the time during which a petition for writ of certiorari is pending, or could have been filed, following the denial of collateral relief in the state courts, is not to be subtracted from the running of time for 28 U.S.C. § 2244(d)(1) statute of limitations purposes.

AFFIRMED.