**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 99-40878
Summary Calendar
Civil Action No. 6:99-CV-209

DANNY GENE COFER,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

**Appeal from the United States District Court for the**
**Eastern District of Texas**

July 14, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellant Cofer was granted a COA to appeal whether his late filing of a federal habeas petition can be justified by the doctrine of equitable tolling. Having considered the briefs, record and opinions of the magistrate judge and district judge, we reject Cofer's contention and affirm the dismissal of his untimely petition.

---

Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cofer missed the AEDPA-required deadline for filing his federal habeas petition by more than two months, even if the filing dates are considered in his favor. He does not deny this, but he asserts that his state court records were unjustifiably kept out of his possession for five months because of postal service mishandling, that the state court records were his sole source of information, and that delay caused by prison and postal officials prevented him from meeting the federal deadline. In short, Cofer contends that he has demonstrated an exceptional circumstance warranting equitable tolling.[1]

The district court's refusal to invoke the doctrine of equitable tolling is reviewed for abuse of discretion. Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999), petition for cert. filed, (U.S. March 2, 2000) (No. 99-1476). As Ott states, equitable tolling is applied only when the relevant facts present sufficiently "rare and exceptional circumstances" that would warrant application of the doctrine. Id. Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary manner from asserting his rights. Id. Excusable neglect does not support equitable tolling. Id. at 513-14. In addition, in order to justify equitable tolling, the petitioner

---

[1] Cofer also briefs the merits of the issues raised in his habeas claim, but these were not discussed by the district court and are not on appeal before us. Whitehead v. Johnson, 157 F.3d 384, 388 (5th Cir. 1998).

2

must have acted diligently in guarding his rights.  See Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999).

This case presents neither the "rare and exceptional circumstances" nor sufficient evidence of Cofer's diligence to warrant equitable tolling.  Despite postal officials' assumed delay in transmitting Cofer his state court records, he still received them in August 1998, well within the initial one-year federal habeas deadline (January 5, 1999).  Offsetting the delay caused by third parties is Cofer's lack of diligence in his own behalf.  Cofer waited almost two months after receiving the state mandate affirming his conviction and more than six months after the court of appeals confirmed his conviction before even ordering the state court records for use in habeas proceedings.  He then delayed filing his state habeas petition until five months after obtaining the state court records in August 1998.  Even after the denial of his state petition, Cofer waited another month to file a federal habeas petition.

The totality of these circumstances does not afford a basis for the rare and unusual relief of equitable tolling, as the district court held.  Accordingly, the judgment dismissing Cofer's habeas petition is **AFFIRMED**.