**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-40483**
**Summary Calendar**
_____


**KEARY DEMOND WILSON,**

                                    **Petitioner-Appellant,**

                        **versus**

        **GARY L. JOHNSON, DIRECTOR, TEXAS**
        **DEPARTMENT OF CRIMINAL JUSTICE,**
            **INSTITUTIONAL DIVISION,**

                            **Respondent-Appellee.**


**Appeal from the United States District Court**
**for the Eastern District of Texas**
**(6:99-CV-727)**


April 16, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Keary Wilson appeals from the dismissal of his 28 U.S.C. § 2254 petition as time-barred. Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Wilson had one year from the date on which his state conviction became final in which to file his federal habeas petition. 28 U.S.C. §2244(d)(1)(A). The time during which Wilson's state habeas petition was pending was *not* counted toward that one-year period. *See* 28 U.S.C. § 2244(d)(2). Barring application of the equitable tolling doctrine, Wilson's

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

federal habeas petition, filed on 27 December 1999, had to have been filed by 20 December 1999 to be timely.

The district court granted Wilson a certificate of appealability (COA) solely on the question whether equitable tolling applies to delayed notification of state-court decisions. To the extent that Wilson has briefed other arguments supporting the application of equitable tolling and alternative arguments supporting his position that his petition was *not* untimely, we are precluded from addressing their merits. *See* **United States v. Kimler**, 150 F.3d 429, 431 (5th Cir. 1999) (appellate review of uncertified issues inappropriate where *no* explicit request to broaden COA). The sole issue before us is whether equitable tolling applies in the light of the alleged delay in the state court's notification of the denial of Wilson's habeas petition.

Wilson asserts the district court erred, and equitable tolling applies, because his attorney did *not* receive the postcard notifying him of the denial of Wilson's state habeas writ until 15 November 1999, five days after the 10 November 1999 date of denial. This court reviews a district court's decision denying equitable tolling for abuse of discretion. **Fisher v. Johnson**, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 121 S. Ct. 1124 (2001).

In **Ott v. Johnson**, 192 F.3d 510, 513-14 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099 (2000), our court opined that the doctrine of equitable tolling should be applied *only* if the relevant facts present "sufficiently 'rare and exceptional circumstances'" and that "'excusable neglect' does *not* support equitable tolling".

2

(Emphasis added.)  Wilson was represented by counsel for both his state and federal habeas proceedings.  Wilson's counsel filed his federal habeas petition six weeks after receiving notice of the Texas court's denial of the state writ.  The receipt of that notice, post-marked 12 November 1999 and allegedly received 15 November 1999, was *not* substantially delayed.  *Cf. **Phillips v. Donnelly***, 216 F.3d 508 (5th Cir. 2000) (holding equitable tolling may be available where petitioner alleged receipt of notice denying state writ four months after decision).  Wilson's facts do *not* warrant application of the doctrine of equitable tolling.

***AFFIRMED***