# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 00-10408

---

JOHNNY CARL HEISER,

                    Petitioner - Appellant,


versus


GARY L. JOHNSON, Director, Texas
Department of Criminal Justice,
Institutional Division,

                    Respondent - Appellee.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:99-CV-349

---

June 8, 2001

Before POLITZ and BARKSDALE, Circuit Judges, and FALLON, District Judge.[*]

POLITZ, Circuit Judge:[**]

---

[*]  District Judge, Eastern District of Louisiana, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Heiser appeals the dismissal of his application for a writ of habeas corpus as time-barred. For the assigned reasons we affirm.

BACKGROUND

Heiser is in state custody under two lawful judgments and sentences of the Forty-Third District Court of Parker County, Texas. On September 22, 1994, he was placed on mandatory supervision; however, on February 11, 1998, that supervision was revoked. Upon revocation, all good conduct credits he previously had accrued were forfeited under Texas law.[1] He subsequently filed two applications for a writ of habeas corpus in state court, one for each of the two judgments, alleging that under Texas law he has a constitutionally protected liberty interest in accrued good conduct credits, and that the Texas provision mandating forfeiture of those credits upon revocation of his mandatory supervision raises due process concerns.[2] He then filed similar applications for writs of habeas corpus in the court à quo. Respondent Johnson moved to dismiss the consolidated applications as untimely filed. That motion was referred to a magistrate judge who

---

[1] TEX. GOV'T CODE ANN. § 498.004(b)(Vernon Supp. 2001).

[2] He also raises other claims in his application, e.g., that changes made to the state statutes while he was released on mandatory supervision violate ex post facto provisions. Because we find his application time-barred we need not and do not address any of those claims.

2

made findings and a recommendation that under the Antiterrorism and Effective Death Penalty Act, Heiser's federal application was time-barred.

The district court adopted the proposed findings and recommendation and dismissed the application. Heiser filed a notice of appeal but the district court declined to grant a Certificate of Appealability. Heiser then sought and secured a COA from this court on the issue of the timeliness of his claim, specifically the critical issue as to when the one-year statute of limitations began to run. That is the appeal now before us.

## ANALYSIS

We review the district court's dismissal of an application for writ of habeas corpus <u>de novo</u> where the application has not been reviewed on the merits.[3]

With the implementation of the AEDPA on April 24, 1996, a state prisoner has one year to petition a federal district court for a writ of habeas corpus. 28 U.S.C. § 2244 states in pertinent part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct  review or the expiration of the time for seeking such review;

---

[3]  <u>Miller v. Johnson</u>, 200 F.3d 274 (5th Cir. 2000).

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

To decide when the statute of limitation on Heiser's claim began to accrue, we must determine under which of those provisions his claim falls.

Neither side contends that the filing of Heiser's claim was delayed by any State action or that any new constitutional right has been defined by the Supreme Court, so our review is narrowed to subsections (d)(1)(A) and (d)(1)(D). Subsection (d)(1)(A) pertains to direct review of "the judgment." Specifically, what is being reviewed herein is the "judgment" of the parole panel to revoke Heiser's mandatory supervision and return him to state custody, with the resultant loss of all accrued good time credits. Accordingly, if (d)(1)(A) applies, by the statute's own terms the 30 days available to seek such reopening would be covered by the phrase "or the

expiration of the time for seeking such review."[4]  The term "judgment" contained in (d)(1)(A), however, does not stand alone.  It derives directly from the previous sentence in (d)(1) stating "a person in custody pursuant to the judgment of a State court."  Clearly the parole panel is not a court; thus, its decision cannot be deemed a judgment under the terms of (d)(1)(A).[5]

We are left, then, with subsection (d)(1)(D) and when Heiser was, or with due diligence should have been, aware of the predicate facts of his habeas claims. Johnson contends that Heiser was aware of the potential for revocation of his mandatory supervision and resultant loss of good conduct credits well before his revocation hearing, but in any event the very latest he could or should have been aware of those facts was when the parole board revoked his mandatory supervision.

Heiser claims that he timely petitioned for reopening of the parole board's revocation hearing, as permitted by § 145.54 of the Texas Administrative Code, which at the time of the events herein stated "(a) When the releasee receives notice as a result of a revocation hearing that the board's decision is revocation, he or she

_____

[4]  Section 145.54 has since been revised to expand the time allowed for requesting that the case be reopened to 45 days. See 37 TEX. ADMIN. CODE § 145.54(a) (Vernon Supp. 2001).

[5]  The nature of the parole panel reviewing the initial revocation panel may not, however, be purely administrative, as might appear at first glance. See infra, note 8.

shall have 30 days from the date of the board's decision to request a reopening of the case for further development of factual or legal issues." Heiser asserts that under Texas law he has a due process right to petition for reopening of the revocation hearing to further develop the facts; thus, he should not be held accountable for facts that he, by statute, had further time to develop.

Heiser's contention fails, however, because § 145.54(1) states that a petition for reopening may only be granted when "there is new, relevant, competent evidence which is of probative value on a material issue of fact or law, not merely collateral or cumulative, which, in the exercise of reasonable diligence, was unavailable at the time of the hearing." The provision cannot be read to be intended as an automatic extension of time to develop the predicate facts; rather, it is a safety valve to be granted only when the inmate can show that there are facts which he or she could not have known about at the revocation hearing. Furthermore, as we stated in Flanigan v. Johnson,[6] "[The inmate] is confusing his knowledge of the factual predicate of his claim with the time permitted for gathering evidence in support of that claim." Heiser knew of the facts surrounding the revocation of his mandatory supervision and the forfeiture of his accrued good conduct credits at least by the date his supervision was revoked on February 11, 1998. Accordingly, we

---

[6] 154 F.3d 196, 199 (5th Cir. 1998).

conclude that under § 2244(d)(1)(D) the statute of limitations on Heiser's claim began running on that date.

Heiser further asserts that until all proceedings pertaining to state review of his supervision revocation were final, resort to federal judicial relief was not appropriate. To agree with that contention we must find that the statute of limitations was tolled during the pendency of his petition for reopening. Section 2244(d)(2) states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Key to the provision is the existence of a "properly filed" and "pending" petition.

Heiser contends he petitioned the parole board to reopen his revocation hearing, but the record before us does not support that assertion. Section 145.54 required Heiser to send his request by certified mail, return receipt requested, but no such return receipt is in the record. The record contains several bald assertions by Heiser that he sent the parole board a request to reopen his case on February 20, 1998, as well as a hand-written letter addressed to the board, requesting reopening, that has the word "COPY" handwritten at the top, but which reflects no time or file stamp establishing that such a letter was actually sent to or received by the board.

7

Heiser concedes that he never received any response to or even an acknowledgment of his letter. In a recently decided case on a similar issue we determined that the AEDPA's statute of limitations is only tolled when a petition for state review is actually filed.[7] Under the plain terms of the statute the same applies here, and absent adequate record evidence that a petition was filed properly and was pending we need not address whether § 2244(d)(2) tolled the statute of limitations beyond the 66 days his state petitions were pending.[8]

For these reasons the decision of the district court is AFFIRMED.

_____

[7] See Emerson v. Johnson, 243 F.3d 931 (5th Cir. 2001)(finding that a motion to a state court for reconsideration of a petition for writ of habeas corpus must actually be filed to toll the statute of limitations).

[8] Because we find Heiser's application was time-barred we need not and do not decide whether TEX. GOV'T CODE ANN. § 508.147(a) creates a constitutionally protected liberty interest in good conduct credits. Nor do we decide what effect a properly filed request to reopen a parole revocation hearing would have under § 2244(d)(2). In Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999), we determined that "other collateral review" pertains only to state review, but we have not defined the contours of either collateral review or state post-conviction proceedings. At least one other court that has looked at § 2244(d)(2) found that it could refer to non-judicial state post-conviction remedies. See Sperling v. White, 30 F. Supp. 2d 1246 (C.D. Cal. 1998)(finding that the legislative history of the AEDPA suggests the phrase could also refer to requests for clemency filed with the governor). But see Walker v. Artuz, 208 F.3d 357, 360 (2nd Cir. 2000)(disagreeing with Sperling and finding "both collateral review and post-conviction review conventionally refer to habeas corpus, coram nobis and similar writs or judicial orders that courts issue after a conviction is final, overturning the conviction by reason of some error of law.").

8