IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 00-41079
Summary Calendar

———————————

JOHN IKE COX,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:00-CV-16
--------------------
June 25, 2001

Before GARWOOD, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

John Ike Cox, Texas state prisoner # 741602, has appealed from the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition as time-barred under the one-year statute of limitations of 28 U.S.C. § 2244(d).  We AFFIRM.

Both the district court and a judge of this court granted Cox a certificate of appealability (COA) on whether the limitations period should have been tolled because of a delay in

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his receiving notice that his state-court habeas application had been denied.

Cox argues that the limitations period should have been tolled during the period that he was incarcerated in the Smith County Jail. He asserts that because other legal mail was forwarded to him from the Pack Unit of the Texas Department of Criminal Justice, Institutional Division, during the time he was incarcerated in Smith County, "he had every logical reason to believe any and all legal correspondence sent back to Pack Unit would also be forwarded to him in Smith County." He argues that his being held in Smith County beyond a reasonable date, and his not having the notification card of the state appellate court's habeas decision forwarded to him from the Pack Unit, are rare and exceptional circumstances entitling him to equitable tolling. However, Cox has failed to give any explanation for having stated in his state habeas petition that he was then housed in Pack Unit, although he had left there almost six months previously, and has not returned. The Court of Criminal Appeals promptly mailed to Cox at the address stated in his writ application–the Pack Unit–notice of the denial of his writ application, and it was timely received at that Unit. But Cox was not there, and had not been when he filed his state writ with the Court of Criminal Appeals. Cox never notified the Court of Criminal Appeals of any change of address.

We review the district court's decision not to invoke the doctrine of equitable tolling for abuse of discretion. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), *cert. denied*, 529

U.S. 1099 (2000).  Equitable tolling "applies principally where the plaintiff is actively misled by the defendant . . . or is prevented in some extraordinary way from asserting his rights." *Id.* at 513; *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).  It is reserved for "rare and exceptional circumstances." *Ott* at 513.  Mere "excusable neglect" does not support equitable tolling.  *Id*. at 513-14; *Coleman* at 402.

We are unable to conclude that the district court abused its discretion in concluding that the requisite rare and exceptional circumstances were not shown.  The state did not actively mislead Cox or prevent him from asserting his rights; rather, Cox was responsible for the misdirection of the mail by the Court of Criminal Appeals.

Accordingly, the judgment of the district court is

AFFIRMED.