IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41187
Summary Calendar
_____

MARK A. GEENEN,

Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-98-CV-84
--------------------
June 7, 2002

Before JONES, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Mark Albert Geenen, Texas prisoner #587421, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition as time-barred. Geenen was granted a certificate of appealability ("COA") by the district court on the issue whether it should have applied equitable tolling.

The district court found that Geenen's 28 U.S.C. § 2254 application was time-barred under the Antiterrorism and Effective

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Death Penalty Act (AEDPA). Geenen argues that because his first federal habeas petition was pending for 27 months, and was not dismissed until the day before the expiration of the AEDPA grace period, he is entitled to equitable tolling for the period that his petition was pending. Therefore, he argues that his second federal habeas petition, filed nine months after the dismissal of his first federal habeas petition, is timely.

The § 2244(d)(1) limitations period and the grace period may be equitably tolled, but only in "rare and exceptional circumstances." See Felder v. Johnson, 204 F.3d 168, 170-71 (5th Cir.), cert. denied, 531 U.S. 1035 (2000). A district court's decision not to apply the doctrine of equitable tolling is reviewed for abuse of discretion. See Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999).

Geenen was on notice that he had not exhausted his state court remedies regarding two of the factual predicates raised in his first federal habeas petition within seven months of filing that petition. Thus, Geenen had 20 months either to abandon those claims or seek to exhaust his state court remedies, but he chose not to do so. Moreover, when he filed the present petition, nine months after the dismissal of his first petition, Geenen included the same factual predicates that led to the dismissal of his first petition. He did not abandon those claims for over a year after filing this second petition. Under the circumstances of this case, the district court did not abuse its discretion when it concluded

that Geenen did not diligently pursue his 28 U.S.C. § 2254 relief.

See Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999).

Accordingly, the district court's judgment dismissing Geenen's 28

U.S.C. § 2254 petition as time-barred is AFFIRMED.

**AFFIRMED.**