UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10696
Summary Calendar

_____

GARY LEE NELMS,

Petitioner,

versus

GARY JOHNSON, Director TDCJ-ID,

Respondent.

_____

Appeal from the United States District Court
for the Northern District of Texas
_____

September 30, 2002

Before JONES, SMITH and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

This court granted a COA to review whether appellant Nelms's late-filed federal habeas petition should be saved by application of equitable tolling principles. We consider only the issue of equitable tolling, on which COA was granted, not any legal issues raised by Nelms regarding the calculation of untimeliness.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lackey v. Johnson, 116 F.3d 149, 151 (5th Cir. 1997). For the following reasons, we affirm the district court's denial of relief.

First, our scope of review is narrowly confined to deciding whether the district court abused its discretion in rejecting equitable tolling. Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999). Moreover, equitable tolling is appropriate only in "rare and exceptional circumstances" where equity demands it. Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). Normally, such circumstances will arise if, contrary to the facts here, a petitioner has been actively misled by the state or prevented in some extraordinary way from pursuing his rights. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). These principles emphasize the deference due the district court's decision and the narrowness of the doctrine of equitable tolling itself.

Second, Nelms receives no benefit from the five-day delay between the date the Texas Court of Criminal Appeals denied his state habeas application and the date the court mailed notice of its act to his attorney. Such a delay does not entitle a petitioner to statutory tolling. Phillips v. Donnelly, 216 F.3d 508, 511, reh'g granted in part on other grounds, 223 F.3d 797 (5th Cir. 2000). Nor may Fed. R. Civ. P. 6(e) be advanced in support of an extension of tolling for this interval. Crutcher v. Cockrell, ___ F.3d ___, case #01-20939 (5th Cir. Aug. 28, 2002). The delay is easily within the reasonable time limits that a state agency may

2

use to notify interested citizens of its actions, hence there is nothing extraordinary to favor Helms's petition.

Third, even if we accept that slightly over a month elapsed from Nelms's mailing of his motion for rehearing of his state habeas petition and its docketing in the Texas Court of Criminal Appeals, (a gap not protected from statutory tolling by the "mailbox rule," see Spotville v. Cain, 149 F.3d 374, 376-78 (5th Cir. 1998)), equitable tolling is still not required.  The district court did not abuse its discretion in weighing this one-month delay against Nelms's initial, un-tolled delay of 317 days between the affirmance of his conviction and his filing of a state habeas petition.  This court has found no case in which equitable tolling was granted after a petitioner had let ten months of the AEDPA limitations period slip by.

**AFFIRMED.**