United States Court of Appeals
Fifth Circuit

**F I L E D**

June 16, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41013
Summary Calendar

BRYAN KEITH KANGAS,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-02-CV-228
--------------------

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Bryan Keith Kangas (Kangas), Texas prisoner # 824966, appeals the district court's dismissal of his application for writ of habeas corpus under 28 U.S.C. § 2254. Kangas filed the application to challenge his 50-year sentence for injury to a child. The district court granted a certificate of appealability (COA) on whether Kangas's delayed receipt of the state court's notice regarding the denial of his application for state habeas

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

relief could equitably toll the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act (AEDPA).

This court reviews a district court's decision whether to apply equitable tolling for abuse of discretion. <u>Fisher v. Johnson</u>, 174 F.3d 710, 713 (5th Cir. 1999). The AEDPA's statute of limitations may be equitably tolled, but only in "rare and exceptional circumstances." <u>Felder v. Johnson</u>, 204 F.3d 168, 170-171 (5th Cir. 2000). The state's delay of nine days in transmitting the notice of the court's action on Kangas's application for state habeas relief, in combination with Kangas waiting until only three days remained in the statutory period to file his state writ application, does not constitute a "rare and exceptional circumstance" warranting equitable tolling. *See* <u>Ott v. Johnson</u>, 192 F.3d 510, 514 (5th Cir. 1999). Therefore, the judgment of the district court dismissing Kangas's § 2254 application is AFFIRMED.