United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 16, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40551
Summary Calendar
_____

LARRY BROOKS,

                                    Petitioner-Appellant,

versus

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

                                    Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:04-CV-324
---------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

    Larry Brooks, Texas prisoner # 1012460, was convicted by a

jury of robbery and sentenced to 80 years in prison.  He appeals

the district court's dismissal of his 28 U.S.C. § 2254 petition

as time-barred by the Antiterrorism and Effective Death Penalty

Act (AEDPA).  AEDPA provides that a habeas petition must be filed

within one year of "the date on which the judgment became final

by the conclusion of direct review or the expiration of the time

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for seeking such review."  28 U.S.C. § 2244(d)(1)(A) (2000);

*Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir. 2004).

Brooks moves for a supplemental certificate of appealability (COA) on the question of whether he should be entitled to the benefits of the mailbox rule in the filing of his state postconviction application for relief.  However, he insufficiently briefed this issue and it is therefore waived. *Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).  The motion for COA is DENIED.

Brooks asserts that he is entitled to equitable tolling for the seven days between the denial of his state postconviction application by the Texas Court of Criminal Appeals and his receipt of notice of that denial.  The district court's decision with respect to equitable tolling is reviewed for abuse of discretion.  *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).  Equitable tolling is available in "rare and exceptional circumstances."  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  It principally applies when the petitioner is  prevented in some extraordinary way from asserting his rights.  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).  In order for equitable tolling to apply, Brooks must have diligently pursued his § 2254 relief.  *Id.* at 403.

Brooks has not established that this delay constitutes a "rare and exceptional" circumstance warranting tolling of the limitations period.  *See Davis*, 158 F.3d at 811.  His motion for

en banc initial hearing of his case to resolve the question of whether all prisoners should receive tolling for the delay between the denial of state postconviction relief and receipt of notice of the denial is DENIED.

Brooks asserts that he is also entitled to tolling for the delay in receiving copies of his trial records from his attorney. To the extent he is arguing that the one-year period should not begin until he obtained the records, pursuant to 28 U.S.C. § 2244(d)(1)(D), the district court did not grant a certificate of appealability (COA) on this issue and Brooks did not request one from us now. Therefore, the claim is not properly before this Court. *See Lackey v. Johnson*, 116 F.3d 149, 151-52 (5th Cir. 1997). As to Brooks's equitable tolling claim, he again has not established that he is entitled to relief on this ground. *See Davis*, 158 F.3d at 811; *Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999). The judgment of the district court is thus AFFIRMED.