United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 18, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60740
Summary Calendar
_____

FRAGEPANI BELL,

Petitioner-Appellant,

versus

LAWRENCE KELLY, Superintendent of Mississippi State
Penitentiary,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:03-CV-354-MB
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Fragepani Bell, Mississippi State Prisoner # K5072, appeals
the district court's denial of his 28 U.S.C. § 2254 application
in which he challenged his conviction of sexual battery and
attempted sexual battery. This court granted Bell a certificate
of appealability (COA) on whether the district court erred when
it determined that Bell had failed to exhaust whether the
prosecution violated <u>Brady v. Maryland</u>, 373 U.S. 83 (1963),
whether his counsel was ineffective, and whether the trial judge

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was biased.  This court denied a COA on whether Bell was convicted by a biased jury.

Bell argues that he raised whether the prosecution violated Brady v. Maryland, 373 U.S. 83 (1963), whether his counsel was ineffective, and whether the trial judge was not impartial in his post-conviction motion that was filed with the Mississippi Supreme Court.

Bell alleged in his state post-conviction motion that the state withheld key evidence when it failed to produce the "Brackin" discovery, which he contends is exculpatory evidence. He therefore fairly raised the issue of whether the prosecution violated Brady.  The district court therefore erred when it determined that Bell did not exhaust this issue.  See Deters v. Collins, 985 F.2d 789, 795 (5th Cir. 1993).

Regarding his allegation of ineffective assistance of counsel, Bell alleged in his 28 U.S.C. § 2254 application that he received ineffective assistance of counsel at trial and when counsel failed to secure a complete copy of his trial transcript. In his state motion for post-conviction relief Bell argued that he received ineffective assistance of counsel because counsel conspired with the state and the judge when they withheld Brackin's testimony.  He also complained in his state motion that his counsel was ineffective during jury selection.  He argued that the cumulative effect of counsel's errors deprived him of his constitutional rights.  He argued that he was denied

effective assistance of counsel due to counsel's "failure to investigate the factual circumstances surrounding the alleged crime and provide him with a basic defense." As these arguments are allegations that he received ineffective assistance of counsel at trial, the district court erred when it determined that Bell had failed to exhaust this issue. See Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998).

However, Bell did not argue in his state post-conviction motion that his attorney was ineffective for failing to secure a complete copy of the trial transcript. In his state motion he contends that the trial transcript was not completed by the court reporter. He does not blame his attorney for this purported error. Therefore, the district court did not err when it determined that Bell had failed to exhaust this issue.

Additionally, Bell argued in his state post-conviction application that the judge conspired with the state and his defense counsel to withhold relevant, exculpatory information. He also argued that the district court showed bias against him by concealing "all the information that would have resulted in a different verdict." These arguments fairly raise the issue whether the trial judge was impartial. The district court therefore erred when it determined that Bell failed to exhaust this issue. See Whitehead, 157 F.3d at 387.

Finally, Bell has briefed issues that this court did not include in its COA grant. This court need not consider issues

that Bell has briefed but that are beyond the scope of the issues upon which a COA was granted.  See Ott v. Johnson, 192 F.3d 510, 512 n. 6 (5th Cir. 1999).

The district court's judgment that Bell failed to exhaust whether his attorney was ineffective for failing to secure a complete copy of the trial transcript is AFFIRMED.  The district court's judgment that Bell failed to exhaust whether the prosecution violated Brady, whether he received ineffective assistance of counsel at trial, and whether the trial judge was biased is VACATED.  The case is REMANDED so that the district court can consider the substance of Bell's habeas claims that the prosecution violated Brady, he received ineffective assistance of counsel at trial, and the trial judge was biased.

AFFIRMED IN PART; VACATED IN PART; AND REMANDED.